United States District Court
Southern District of Texas
**ENTERED**
September 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA    §
   §
v.    §      CIVIL ACTION NO. H-20-0480
   §      (CRIMINAL NO. H-19-298-02)
IMMANUEL LAVELL WALLACE    §

### MEMORANDUM OPINION AND ORDER

The defendant, Immanuel Lavell Wallace (BOP #89332-479), has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 63).[1] The government has filed United States' Answer and Motion for Summary Judgment ("United States' MSJ") (Docket Entry No. 100), arguing that Wallace's § 2255 Motion is without merit. In response, Wallace has filed Defendant['s] Answer and Motion [to] Dismiss Summary Judgment Filed by [the] United States ("Defendant's Motion to Dismiss") (Docket Entry No. 115) and an Answer and Motion to Deny United States Summary Judgment ("Defendant's Motion to Deny") (Docket Entry No. 116). The court has carefully reviewed all of the parties' arguments. Based on this review, the court's recollection of the relevant

---

[1]Although a Civil Action Number has been assigned to the § 2255 Motion, all docket entries referenced are to Criminal No. H-19-298. For purposes of identification all page citations refer to the page number imprinted by the court's electronic case filing (ECF) system.

proceedings, and the application of governing legal authorities, the pending § 2255 Motion will be denied, and the corresponding Civil Action No. H-20-0480 will be dismissed for the reasons explained below.

## I.  Background

Wallace and co-defendant Jeremy Raye Lincoln were charged with bank robbery (count one) and brandishing a firearm in connection with a crime of violence (count two).[2] On August 15, 2019, Wallace entered a guilty plea without a written plea agreement to both counts against him regarding the robbery, which occurred on March 30, 2019, at a federally insured BBVA Compass Bank located in Houston, Texas.[3] According to a Proffer that was signed by Wallace during the rearraignment proceeding, Wallace and another unidentified individual robbed the bank while wearing masks and brandishing firearms.[4]   Lincoln served as the get-away driver.[5] Wallace and Lincoln were captured while fleeing the scene of the robbery after leading police on a high-speed chase.[6]

---

[2]Indictment, Docket Entry No. 29, pp. 1-3.

[3]Proffer, Docket Entry No. 41, p. 1.

[4]Id.  The other individual accused of robbing the BBVA Compass Bank at gunpoint has been identified as Christopher Henderson, who has been charged but not yet apprehended in this case.  See Superseding Indictment, Docket Entry No. 79, pp. 1-3.

[5]Proffer, Docket Entry No. 41, p. 1.

[6]Id.

Before accepting Wallace's plea the court confirmed that Wallace had not been "threatened or coerced" to plead guilty and that no promises had been made about his potential sentence.[7]  The court reviewed the elements of the offenses of bank robbery and brandishing a firearm during the commission of a crime of violence, as alleged in counts one and two of the Indictment, and confirmed that Wallace understood the nature of the charges against him.[8] The court further advised Wallace that he faced up to 25 years in prison for the bank robbery charge outlined in count one and that he faced a mandatory minimum sentence of seven years for brandishing a firearm during that offense as outlined in count two — which was required to run consecutively to the sentence he received on count one.[9]  Wallace confirmed that he understood the potential sentence that he faced.[10]  Wallace admitted in open court that he was one of the individuals who robbed the BBVA Compass Bank on March 30, 2019, as described in the Proffer, and Wallace also confirmed that he did so while brandishing a nine-millimeter pistol.[11]  After concluding that Wallace's guilty plea was knowingly

---

[7]Re-arraignment Transcript, Docket Entry No. 90, pp. 20-21.

[8]Id. at 23.

[9]Id. at 12.

[10]Id.

[11]Id. at 23-26.

-3-

and voluntarily entered, the court accepted his plea and found Wallace guilty as charged in counts one and two of the Indictment.[12]

On October 9, 2019, nearly two months after his guilty plea was entered, Wallace filed a Motion to Dismiss Counsel, and Motion to Appoint New Counsel asserting that the attorney-client relationship with his defense counsel, Todd Dupont, was "irretrievably broken" because of a "conflict of interest."[13] The court granted the motion and appointed Larry Eastepp as new defense counsel for Wallace.[14]

The Probation Office prepared a Presentence Investigation Report ("PSR") for use in determining Wallace's punishment under the United States Sentencing Guidelines Manual.[15] With adjustments for specific offense characteristics related to the bank robbery, the Probation Office determined that Wallace's base offense level score was 30, but recommended a three-level downward adjustment for

---

[12]Id. at 26.

[13]Motion to Dismiss Counsel, and Motion to Appoint New Counsel, Docket Entry No. 47, p. 1. Wallace has not alleged facts showing "that his counsel actively represented conflicting interests" or had an "actual conflict of interest" that adversely affected his performance. See Cuyler v. Sullivan, 100 S. Ct. 1708, 1718, 1719 (1980). Instead, it appears that Wallace was dissatisfied because Dupont advised Wallace that he had "no defense" to raise and would not file a motion to withdraw the guilty plea. See § 2255 Motion, Docket Entry No. 63, p. 2; Defendant's Motion to Deny, Docket Entry No. 116, pp. 5-6. Wallace does not otherwise show that his defense counsel was deficient for reasons discussed further below.

[14]Order Appointing Counsel, Docket Entry No. 53, p. 1.

[15]PSR, Docket Entry No. 57, pp. 1-24.

his acceptance of responsibility, which reduced Wallace's total offense level score to 27.[16]   Wallace, whose criminal record included a previous state court conviction for bank robbery while armed with a deadly weapon, had five criminal history points that placed him in Category III.[17]   As a result, Wallace faced a potential range of 87 to 106 months' imprisonment on count one of the Indictment, followed by a consecutive mandatory minimum sentence of no less than seven years or 84 months for the firearms charge in count two.[18]  After considering the PSR and argument from counsel for both sides, the court sentenced Wallace to 96 months' imprisonment on count one followed by a consecutive sentence of 84 months on count two, for a total of 180 months in prison.[19]   The court also imposed a five-year term of supervision following Wallace's release from prison and ordered him to pay restitution.[20] Wallace did not appeal.

Wallace now seeks relief under 28 U.S.C. § 2255, arguing that his guilty plea was involuntary and that he was denied effective assistance of counsel.[21]   In his first ground for relief, Wallace

---

[16]Id. at 13-14.

[17]Id. at 14-15.

[18]Id. at 20.

[19]Sentencing Transcript, Docket Entry No. 92, p. 12; Amended Judgment, Docket Entry No. 64, pp. 1-2.

[20]Sentencing Transcript, Docket Entry No. 92, pp. 12-14; Amended Judgment, Docket Entry No. 64, pp. 3-5.

[21]§ 2255 Motion, Docket Entry No. 63, p. 3.

alleges that his guilty plea was "unlawfully induced" because his defense counsel advised him to enter a plea "to prevent from being punished for taking [his] case to trial."[22]  In his second ground for relief, Wallace alleges that his counsel was deficient for failing to file "motions on the evidence against [him]" or attempt to show that Wallace was not the person who robbed the bank before the guilty plea was entered.[23]  In his third ground for relief, Wallace claims that his "new counsel" was deficient because he refused to ask the government to "drop" the brandishing charge (count two) or move to withdraw the guilty plea.[24]  The government argues that Wallace is not entitled to relief and that the § 2255 Motion must be denied because his claims lack merit.[25]

## II.  Standard of Review

A prisoner serving a sentence imposed by a federal court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  If the court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall

---

[22]Id.

[23]Id.

[24]Id.

[25]United States' MSJ, Docket Entry No. 100, pp. 13-24.

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."   28 U.S.C. § 2255(b).

A prisoner seeking relief under 28 U.S.C. § 2255 "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. <u>United States v. Frady,</u> 102 S. Ct. 1584, 1593 (1982). After a defendant has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted." <u>United States v. Willis,</u> 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted). For this reason, review of convictions under § 2255 is limited to "questions of constitutional or jurisdictional magnitude," <u>United States v. Scruggs,</u> 691 F.3d 661, 666 (5th Cir. 2012), or claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. <u>See, e.g.,</u> <u>Massaro v. United States,</u> 123 S. Ct. 1690, 1694-96 (2003).

Mindful of the defendant's <u>pro se</u> status, the court has liberally construed his § 2255 Motion and related filings.[26] <u>See</u> <u>Estelle v. Gamble,</u> 97 S. Ct. 285, 292 (1976) ("[A] <u>pro se</u> document is to be liberally construed."); <u>Haines v. Kerner,</u> 92 S. Ct. 594,

---

[26]After Wallace filed his § 2255 Motion attacking the guilty plea, the court appointed Eric Ashford to represent him on March 10, 2020. <u>See</u> Order Appointing Counsel, Docket Entry No. 86, p. 1. On May 28, 2020, the court granted counsel's motion to withdraw pursuant to <u>Anders v. California,</u> 87 S. Ct. 1396 (1967), and allowed Wallace to file a <u>pro se</u> reply to the United States' MSJ. <u>See</u> Order, Docket Entry No. 107.

596 (1972) (per curiam) (stating that <u>pro se</u> pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, a <u>pro se</u> prisoner's "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." <u>United States v. Woods</u>, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing <u>Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir. 1983)).

### III.   <u>Discussion</u>

**A.   Wallace's Guilty Plea**

It is well established that a guilty plea will be upheld on collateral review if the plea was "entered into knowingly, voluntarily, and intelligently." <u>Montoya v. Johnson</u>, 226 F.3d 399, 405 (5th Cir. 2000) (citing <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995)). A guilty plea is knowing and voluntary if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. <u>See Bradshaw v. Stumpf</u>, 125 S. Ct. 2398, 2405 (2005) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'") (quoting <u>Brady v. United States</u>, 90 S. Ct. 1463, 1469 (1970)). "[A] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." <u>Bousley v. United States</u>, 118 S. Ct. 1604, 1610 (1998) (quoting <u>Mabry v. Johnson</u>, 104 S. Ct. 2543, 2546-47 (1984)).

-8-

A knowing and voluntary guilty plea waives all non-jurisdictional defects that occurred before the plea. See Tollett v. Henderson, 93 S. Ct. 1602, 1608 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). This waiver includes "all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citation omitted). The only ineffective-assistance claim that fits within this waiver is one taking exception to counsel's advice concerning the plea. See Tollett, 93 S. Ct. at 1608.

The transcript of the rearraignment proceeding confirms that Wallace understood the charges against him and the potential consequences that he faced at sentencing before he entered his guilty plea.[27] Wallace also confirmed that his plea was not coerced in any way, and he admitted robbing the BBVA Compass Bank while brandishing a pistol.[28] During the plea colloquy the court asked Wallace a series of questions about the advice he received from his counsel.[29] Wallace acknowledged that he had met with his attorney

---

[27]Re-arraignment Transcript, Docket Entry No. 90, pp. 12, 23.

[28]Id. at 20-21, 23-26.

[29]Id. at 9-10.

to discuss the case in person at least four times and that counsel had answered all of his questions.[30]  The court asked Wallace if counsel had done all that Wallace had asked him to do, and Wallace replied that he had.[31]  Wallace acknowledged further that he was satisfied with the advice his counsel had provided.[32]  Based on Wallace's representations, the court found that his guilty plea was "a knowing and voluntary plea, supported by an independent basis in fact, establishing each of the essential elements of the offense."[33]

Representations made by the defendant, his lawyer, and the prosecutor, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack.  See Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977).  A defendant's "[s]olemn declarations in open court carry a strong presumption of verity."  Id.; see also United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").  As a result, a defendant's representations during a plea colloquy impose a "heavy burden" of proof upon the defendant to show that his plea was not voluntarily and knowingly made.  See United States v. Diaz, 733 F.2d 371, 373-74

---

[30] Id.

[31] Id. at 10.

[32] Id.

[33] Id. at 26.

-10-

(5th Cir. 1984); <u>see also DeVille v. Whitley,</u> 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, [defendants] face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity.").

Wallace does not allege facts demonstrating that he was misinformed or that his guilty plea was improperly coerced. To the extent that Wallace contends that his plea was rendered involuntary because of deficient advice from his defense attorney, Wallace fails to establish that he was denied effective assistance of counsel in connection with his plea or at any time thereafter for reasons discussed in more detail below. As a result, Wallace has waived any claim that his defense counsel was deficient for failing to challenge the evidence, file motions, or ask whether the government would drop one of the counts before the plea was entered.[34] <u>See Tollett,</u> 93 S. Ct. at 1608; <u>see also Smith,</u> 711 F.2d at 682 (holding that the defendant's ineffective-assistance claim concerning his counsel's failure to review the prosecutor's file to verify laboratory test results, investigate witnesses, or "find 'holes' in the government's case" against him were waived by his guilty plea). Accordingly, Wallace is not entitled to relief on those allegations of ineffective assistance that are unrelated to his decision to enter a guilty plea based on his counsel's advice.

---

[34]§ 2255 Motion, Docket Entry No. 63, p. 3; Defendant's Motion to Dismiss, Docket Entry No. 115, pp. 1-3; Defendant's Motion to Deny, Docket Entry No. 116, pp. 2-5.

**B.    Ineffective Assistance of Counsel**

A criminal defendant is entitled to effective assistance of counsel in connection with the decision to enter a guilty plea. Lee v. United States, 137 S. Ct. 1958, 1964 (2017).  A defendant's ineffective-assistance claim is analyzed under the legal standard set forth in Strickland v. Washington, 104 S. Ct. 2052 (1984).  To prevail under the Strickland standard, a defendant must demonstrate that (1) counsel's performance was deficient, and (2) he was prejudiced as the result of counsel's deficient performance.  Id. at 2064.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  Id.

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Strickland, 104 S. Ct. at 2064.  This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy.  Id. at 2065. Under this standard, courts must "presume that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty."  Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citing Strickland, 104 S. Ct. at 2065). To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland, 104 S. Ct. at

2066.  "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance" while recognizing "that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id.

Even assuming that a defendant can demonstrate error by his counsel, he must still demonstrate the requisite prejudice in order to prevail.  Strickland, 104 S. Ct. at 2066 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").  To establish prejudice under Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 2068.  In the guilty plea context, the prejudice-prong of the Strickland standard is not satisfied unless a defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 106 S. Ct. 366, 370 (1985).  This assessment, in turn, will depend in part on a prediction of what the outcome of the trial might have been.  See id.

In undertaking this review it is necessary to examine "the 'totality of the evidence'" as it relates to the defendant's decision-making.  Lee, 137 S. Ct. at 1966 (citations and internal

quotation marks omitted).  The Supreme Court has observed that "[a]
defendant without any viable defense will be highly likely to lose
at trial" and will "rarely be able to show prejudice from accepting
a guilty plea that offers him a better resolution than would be
likely after trial."  Id.  This factor is relevant to the prejudice
inquiry for purposes of establishing an ineffective-assistance
claim because "defendants obviously weigh their prospects at trial"
when making the decision to enter a plea.  Id.  A plea of guilt
should not be set aside or upset "solely because of *post hoc*
assertions from a defendant about how he would have pleaded but for
his attorney's deficiencies.  Judges should instead look to
contemporaneous evidence to substantiate a defendant's expressed
preferences."  Id. at 1967.

      1.    <u>Wallace Does Not Demonstrate Deficient Performance or
           Actual Prejudice in Connection with the Guilty Plea.</u>

In his first ground for relief Wallace alleges that his
counsel was deficient for advising him to plead guilty and avoid
being "punished for taking [his] case to trial."[35]  Wallace explains
that his defense counsel noted that clothing worn by one of the
armed robbers, as depicted in surveillance video of the offense,
matched a shirt that Wallace was wearing when he was captured by
police.[36]  Counsel then told him that his co-defendant (Lincoln)
"gave [him] up" by identifying Wallace as one of the armed robbers

---

[35]§ 2255 Motion, Docket Entry No. 63, p. 3.

[36]Defendant's Motion to Dismiss, Docket Entry No. 115, p. 2.

-14-

who entered the bank and that Wallace's "best option was to plead guilty and get the three points [for] acceptance [of responsibility at sentencing]."[37]   The record establishes that after Wallace expressed remorse and admitted that he robbed the BBVA Compass Bank on March 30, 2019, by taking $183,900.00 while brandishing a firearm, the Probation Office recommended a three-level downward adjustment of the offense score used to determine Wallace's sentence under § 3E1.1 of the United States Sentencing Guidelines.[38] The court followed that recommendation when it adopted the PSR during the sentencing hearing, giving Wallace a three-level adjustment and a reduced sentence for his acceptance of responsibility.[39]

The record shows that the government had substantial evidence, which is summarized in the PSR, against both Wallace and Lincoln.[40] Wallace and Lincoln were arrested after leading police on a high-speed chase from the scene of the robbery, which was captured on surveillance video.[41]  A large quantity of cash taken from the bank was recovered from the automobile that Lincoln was driving.[42]  Three bank employees described being robbed at gunpoint by two masked

---

[37]Id.; Defendant's Motion to Deny, Docket Entry No. 116, p. 4.

[38]PSR, Docket Entry No. 57, pp. 12, 14.

[39]Sentencing Transcript, Docket Entry No. 92, p. 4.

[40]PSR, Docket Entry No. 57, pp. 3-4.

[41]Id.

[42]Id.

-15-

perpetrators.[43]   Wallace signed a Proffer admitting that he and another individual entered the BBVA Compass Bank and committed the robbery "with firearms brandished," before fleeing in the car driven by Lincoln.[44]   Lincoln, who has also entered a guilty plea in this case, identified Wallace as one of the masked men who entered the bank and robbed it while brandishing firearms.[45] Wallace admitted in open court during the rearraignment proceeding that he committed the offense while armed with a nine-millimeter pistol.[46]   Both Wallace and Lincoln have prior convictions for committing bank robbery that involved the use of deadly weapons.[47]

Wallace has alleged that his counsel was deficient for failing to file unspecified "motions on the evidence against [him]" or attempting to show that Wallace was not the person who robbed the bank.[48]  In light of the evidence against him, however, Wallace does not demonstrate that his counsel had a valid motion or defense to raise on his behalf.   Absent a showing that counsel had — but

---

[43]Id. at 4-5.

[44]Proffer, Docket Entry No. 41, p. 1.

[45]Plea Agreement, Docket Entry No. 88, p. 9.

[46]Re-arraignment Transcript, Docket Entry No. 90, pp. 23-26.

[47]PSR, Docket Entry No. 57, pp. 14-15 (State of Texas v. Wallace, Harris County Cause No. 1174541, resulting in a 13-year prison sentence in 2009); PSR, Docket Entry No. 101, pp. 16-17 (United States v. Lincoln, Crim. No. H-10-0050-01, resulting in a 120-month sentence in 2010, from a district court in the Southern District of Texas, Houston Division).

[48]§ 2255 Motion, Docket Entry No. 63, p. 3.

-16-

failed to raise — a meritorious argument, Wallace does not demonstrate that his counsel was deficient. <u>See Smith v. Puckett,</u> 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); <u>Lavernia v. Lynaugh,</u> 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); <u>Murray v. Maggio,</u> 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions."). Because Wallace has not established that he had a viable defense against the charges, he does not show that counsel's recommendation to enter a plea in hopes of a reduction in sentence for acceptance of responsibility was deficient.

Likewise, the Fifth Circuit has recognized that where the evidence against a defendant is overwhelming, the possibility of an acquittal, and the ability to show prejudice as the result of entering a guilty plea based on advice from counsel, is "exceedingly unlikely." <u>Young v. Spinner,</u> 873 F.3d 282, 287 (5th Cir. 2017) (citing <u>United States v. Kayode,</u> 777 F.3d 719, 726-27 (5th Cir. 2014) (finding that the "overwhelming evidence" on the charged offenses and lack of a viable defense other than [the defendant's] own sworn testimony "weighs against a finding of prejudice"); <u>Armstead v. Scott,</u> 37 F.3d 202, 210 (5th Cir. 1994) (concluding that the defendant, in light of the strong evidence against him - including an eyewitness lineup identification and his

-17-

fingerprints being found at the crime scene - had not shown there is a reasonable probability that he would not have pleaded guilty). After considering the totality of the circumstances, Wallace does not demonstrate that, but for any alleged deficiency on his counsel's part, there was a reasonable probability that he would not have pled guilty and would have insisted on a trial. It follows that Wallace fails to establish that his guilty plea was involuntarily made as the result of ineffective assistance from his counsel.

    2.   <u>Wallace Does Not Demonstrate Deficient Performance By Counsel Appointed After the Guilty Plea Was Entered.</u>

In his third ground for relief Wallace claims that his "new counsel," who was appointed after the guilty plea was entered, was deficient because counsel refused to ask the government to "drop" the brandishing charge (count two) or move to withdraw the guilty plea.[49] Wallace does not allege facts showing that his counsel had any valid basis to ask the government to abandon the brandishing count after the plea was already entered. Wallace's conclusory allegation is insufficient to establish deficient performance or actual prejudice in connection with this claim. <u>See United States v. Demik,</u> 489 F.3d 644, 646 (5th Cir. 2007) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary

---

[49]<u>Id.</u>

hearing on that issue); <u>see also United States v. Holmes,</u> 406 F.3d
337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support
of a claim of ineffective assistance of counsel are insufficient to
raise a constitutional issue.") (citation and internal quotation
marks omitted).

Wallace does not otherwise show that there was a valid basis
to withdraw his guilty plea.   It is well established that "[a]
defendant does not have an absolute right to withdraw his guilty
plea." <u>United States v. Lord,</u> 915 F.3d 1009, 1014 (5th Cir. 2019),
<u>cert. denied,</u> 140 S. Ct. 320 (2019) (citing <u>United States v.
Powell,</u> 354 F.3d 362, 370 (5th Cir. 2003)).   If a motion to
withdraw a guilty plea is made before sentence is imposed, a court
may in its discretion permit a defendant to withdraw his plea where
"the defendant can show a fair and just reason for requesting the
withdrawal."   FED. R. CRIM. P. 11(d)(2)(B).   "The burden of
establishing a 'fair and just reason' for withdrawing a guilty plea
remains at all times with the defendant." <u>Lord,</u> 915 F.3d at 1014
(citing <u>United States v. Still,</u> 102 F.3d 118, 124 (5th Cir. 1996)).
In determining whether the defendant's burden has been met, courts
in this circuit consider "whether (1) the defendant asserted his
innocence, (2) withdrawal would cause the government to suffer
prejudice, (3) the defendant delayed in filing the [withdrawal]
motion, (4) withdrawal would substantially inconvenience the court,
(5) close assistance of counsel was available, (6) the original
plea was knowing and voluntary, and (7) withdrawal would waste

-19-

judicial resources." <u>Powell</u>, 354 F.3d at 370 (citing <u>United States</u> <u>v. Carr,</u> 740 F.2d 339, 343-44 (5th Cir. 1984)); <u>see also Lord,</u> 915 F.3d at 1014-17 (discussing the factors established in <u>Carr</u> and observing that a district court is not required to make explicit findings on each one when determining that a defendant is not entitled to withdraw his plea).

Wallace does not meet his burden to show that there were fair and just reasons for withdrawing his guilty plea.  Importantly, Wallace has not made a credible claim of innocence in this case. Moreover, for reasons set forth above, he has not demonstrated that his guilty plea was unknowingly and involuntarily made or that the decision to plead guilty was tainted by ineffective assistance of counsel.  Wallace identifies no other factor that weighs in his favor.  Under these circumstances, Wallace fails to show that his defense counsel was deficient for failing to raise what would have been an entirely meritless argument.  Accordingly, Wallace does not demonstrate that he was denied effective assistance of counsel after his guilty plea was entered or that he has a valid claim for relief.  Because Wallace has not established a valid claim for relief, his § 2255 Motion will be denied.

## IV.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will not issue unless

the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)).  This requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Buck v. Davis</u>, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted).

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument. <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the defendant does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will be denied.

## V.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The United States' Motion for Summary Judgment (Docket Entry No. 100) is **GRANTED**.

2.    The Defendant['s] Answer and Motion [to] Dismiss
      Summary Judgment Filed by [the] United States
      (Docket Entry No. 115) and the Defendant's Motion
      to Deny United States Summary Judgment filed by
      Immanuel Lavell Wallace (Docket Entry No. 116) are
      **DENIED**.

3.    The Motion Under 28 U.S.C. § 2255 to Vacate, Set
      Aside, or Correct Sentence By a Person in Federal
      Custody filed by Wallace (Docket Entry No. 63) is
      **DENIED**; and this action will be dismissed with
      prejudice.

4.    A certificate of appealability is **DENIED**.

**The Clerk shall provide a copy of this Memorandum Opinion and**

**Order to the parties.**

**SIGNED** at Houston, Texas, on this 11th day of September, 2020.

_____
            SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE